No. 15-1945

=======================================================

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————————— · ————————————

**CHAILLE DUBOIS, F/K/A CHAILLE GAINES, F/K/A CANDACE
DUBOIS, F/K/A CANDACE GAINES, F/K/A CANDI GAINES, F/K/A
CANDI DUBOIS;
KIMBERLY ADKINS,**

                                                    **Plaintiffs-Appellants,**

v.

**ATLAS ACQUISITIONS LLC,**

                                                    **Defendant-Appellee.**

**AND**

**TIMOTHY P. BRANIGAN; NANCY SPENCER GRISBY,**

                                                    **Trustees,**

———————————— · ————————————

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT
(HONORABLE THOMAS J. CATLIOTA, U.S. BANKRUPTCY JUDGE)**

**BRIEF OF APPELLEE**

Donald S. Maurice, Esq.
Maurice Wutscher, LLP
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
*Attorney for Defendant-Appellee
Atlas Acquisitions, LLC*

Alan C. Hochheiser, Esq.
Buckley King, LLP
600 Superior Avenue East, Suite 1400
Cleveland, OH 44114
(216) 363-1400
*Attorney for Defendant-Appellee
Atlas Acquisitions, LLC*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 15-250        Caption: Chaille Dubois, et al. v. Atlas Acquisitions, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

Atlas Acquisitions, LLC
(name of party/amicus)

who is _____ Respondent _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☑ YES ☐ NO
    If yes, identify any trustee and the members of any creditors' committee:
    Timothy P. Branigan and Nancy Spencer Grigsby-  Chapter 13 Trustees

Signature: /s/ Alan C. Hochheiser                    Date:        8/4/2015

Counsel for: Atlas Acquisitions, LLC

## CERTIFICATE OF SERVICE
****************************
I certify that on _____8/4/2015_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Alan C. Hochheiser                                    8/4/2015
        (signature)                                         (date)

- 2 -

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ iii
I.    Statement of the Issues ................................................................................ 1
II.   Statement of the Case ................................................................................. 2
      A.    Statement of Case as to Appellant Kimberly Adkins and Proof of Claim 6 ........................................................................................ 2
      B.    Statement of Case as to Appellant Kimberly Adkins and Proof of Claim 8 ........................................................................................ 3
      C.    Statement of Case as to Appellant Chaille Dubois ............................ 5
      D.    Consolidated Disposition of Dubois' and Adkins' Adversary Complaints ........................................................................................ 6
III.  Summary of the Argument ........................................................................... 7
IV.   Law and Argument ........................................................................................ 9
      A.    Standard of Review ........................................................................... 9
      B.    Under the Bankruptcy Code, Atlas has a claim against the Appellants even if the underlying debt is barred by the Maryland Statute of Limitations .................................................. 10
            1.    The Bankruptcy Claims Process Contemplates Atlas' Filing of its Proofs of Claims Even When the Underlying Debts Are Subject to the Affirmative Defense of an Expired Limitations Period ................................................. 11
            2.    Under Maryland Law a Debt Subject to an Expired Limitations Period is an Enforceable Right to Payment .......... 13
            3.    Neither the FDCPA nor the MCDCA Extinguish Debts ......... 15
      C.    The Filing of a Proof of Claim Does Not Constitute Collection Activity Regulated by the FDCPA .................................................... 16
            1.    A Proof of Claim does not contain a Demand for Payment .................................................................................. 18
            2.    A Proof of Claim is not a Communication to a Debtor............ 20
            3.    Participation in the Bankruptcy Claims Process is Not an Attempt to Collect a Debt ...................................................... 20
            4.    The Majority of Courts Hold that the Filing of a Proof of Claim is not Collection Activity within the Meaning of the FDCPA .......................................................................... 22
            5.    The Bankruptcy Claims Process is not Similar to a Civil Lawsuit .................................................................................. 25
      D.    Even Assuming *Arguendo* that Filing a Proof of Claim is Debt

i

Collection, Atlas did not Violate the FDCPA by Filing its Proofs of Claim Against Appellants ................................................... 29

E. Even Assuming *Arguendo* that the Filing of a Proof of Claim with Respect to a Debt Subject to the Affirmative Defense of an Expired Limitations Period Could Violate the FDCPA, the Application of the FDCPA is Precluded by the Bankruptcy Code with Respect to the Claims Filing Process ............................... 34

    1. If the FDCPA (as construed by Appellants) precludes the filing of a proof of claim with respect to a time-barred debt, then Atlas cannot comply with both statutes simultaneously and an irreconcilable conflict exists ............... 35

    2. Holding that a proof of claim on a stale debt is actionable under the FDCPA conflicts with the Bankruptcy Code's purpose of a fresh start for debtors ........................................... 40

F. The Bankruptcy Process Contains Adequate Safeguards to Protect Debtors from Proof of Claim Filed with Respect to Out-of-Statute Debts ................................................................................ 41

G. The Filing of a Proof of Claim is Not Debt Collection Regulated by the MCDCA ................................................................ 43

H. Even assuming *arguendo* that the MCDCA could apply to the filing of a proof of claim that is subject to an expired Maryland statute of limitations, the application of the MCDCA to such conduct is preempted by the Bankruptcy Code .................................. 43

V. Conclusion ................................................................................................. 44

## TABLE OF AUTHORITIES

**Cases**

*Baldwin v. McCalla*, No. 98-C-4280, 1999 U.S. Dist. LEXIS 6933 (N.D. Ill. Apr. 19, 1999) .......................................................................................... 24

*Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434 (1999) .......................................................................................... 11

*Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997) ...................................................... 15

*B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225 (9th Cir. BAP 2008) ................................................................................................... 25

*B-Real, LLC v. Rogers*, 405 B.R. 428 (M.D. La. 2009) ......................................... 24

*Broadrick v. LVNV Funding, LLC, et al.,* 532 B.R. 60 (Bankr. M.D. Tenn. 2015) ................................................................................................... 27

*Brooks v. State*, 85 Md. App. 355 (1991) .............................................................. 13

*Buckley v. Bass & Associates*, 249 F.3d 678 (7th Cir. 2001) ................................ 23

*Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 448 (5th Cir. 2008) .......... 21

*In re Claudio*, 463 B.R. 190 (Bankr. D. Mass. 2012) ............................................ 23

*In re Cooper*, 253 B.R. 286 (Bankr. N.D. Fla. 2000) ............................................ 24

*Covert v. LVNV Funding LLC*, 2013 U.S. Dist. LEXIS 175651 (D. Md. 2013) ............................................................................................. 22, 43

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014) ....................... 25

*Donaldson v. LVNV Funding LLC*, 2015 U.S. Dist. LEXIS 45134 (S.D. Ind. April 7, 2015) ...................................................................................... 28

*Dunaway v. LVNV Funding LLC, et. al,* 14-ap-4132 (Bankr. W.D. Mo. May 19, 2015) ............................................................................................. 28

*In re Edge*, 60 B.R. 690 (Bankr. M.D. Tenn. 1986) ............................................... 14

*E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117 (2d Cir. 2001) ................................................................................................... 11

*Elliott v. Calvary Investments, LLC, et al.*, Case No. 14-cv-01066 (S.D. Ind. Jan. 9, 2015) ........................................................................................ 33

*English v. General Electric Co.*, 496 U.S. 72 (1990) ............................................ 43

*Frank v. Wareheim*, 177 Md. 43 (Md. 1939) ......................................................... 13

*Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89 (2d Cir. 2012) ................................................................................................... 23

*Gatewood v. CP Medical, LLC*, 2015 Bankr. LEXIS 2262 (8th Cir. B.A.P. July 10, 2015) ...................................................................................... 27

*Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) ...................... 18

*In re Goerg*, 844 F.2d 1562 (11th Cir. 1988) ........................................................ 43

*Gray-Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D. Ill. 1999) ............................... 24

*Heintz v. Jenkins*, 514 U.S. 291 (1995).................................................................. 29

*Hodgson v. Burroughs*, 175 Md. 413 (1938) .......................................................... 14

*In re Humes v. LVNV Funding, LLC, et al.,* 496 B.R. 557 (Bankr. E.D. Ark. 2013)................................................................................................................ 23

*Hurst v. U.S. Bank (In re Hurst,* 357 B.R. 782 (Bankr. W.D. Ark. 2006)............. 21

*In re Jacques*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009) ............................................. 23

*Jenkins v. Genesis Fin. Solutions and Vativ Recovery Solutions, LLC,* 456 B.R. 236 (Bankr. E.D. N.C. 2011)................................................................. 22

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010) ............................................................................................................ 16

*Johnson v. Brock & Scott, PLLC,* No.5:11-CV-474-F, 2012 U.S. Dist. LEXIS 140713, 2012 WL4483916 (E.D.N.C. Sept. 27, 2012) .................... 18

*Johnson v. Midland Funding, LLC,* 528 B.R. 462 (S.D. Ala. 2015) .... 14, 28, 35, 37

*Jude Jacques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009) .......................................................................................... 19

*Keeler v. PRA Receivables Mgmt., LLC (In re Keeler)*, 440 B.R. 354 (Bankr. E.D. Pa. 2009) ............................................................................................ 13

*Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480 (M.D. Ala. 1987) ............. 32

*Kokoszka v. Belford*, 417 U.S. 642 (1974) .............................................................. 36

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002) ............................................... 17

*In re Lagrone*, 525 B.R. 419 (Bankr. N.D. Ill. 2015) ................................. 28, 30, 33

*Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389 (6th Cir. 1998) ......................... 21

*In re Mazyck*, 521 B.R. 726 (Bankr. D.S.C. 2014) ................................................. 22

*In re McMillen*, 440 B.R. 907 (Bankr. N.D. Ga. 2010) .......................................... 20

*Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434 (D. Minn. 2008)............................................................................................................ 24

*Moses v. CashCall, Inc.*, 781 F.3d 63 (4th Cir. 2015) ............................................ 10

*MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996) ........... 11

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993)..................................... 10

*Nat'l Ass'n of Home Builders v. Defenders of Wildlfe*, 551 U.S. 644 (2007)......... 34

*Olson v. Midland Funding, LLC,* No. CCB-13-1882, 2013 U.S. Dist. LEXIS 177241, 2013 WL 6717480 (D. Md. Dec. 18, 2013).................................. 18

*Pa. Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552 (1990) .............................. 12

*In re Pariseau*, 395 B.R. 492 (Bankr. M.D. Fla. 2008) .......................................... 36

*Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.* 266 B.R. 575 (S.D.N.Y. 2001)........................................................................................................... 13

*Penn v. Cumberland,* 883 F.Supp.2d 581 (E.D. Va. 2012).............................. 17, 18

iv

*Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000) .................... 10, 11

*Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013) ........................ 26

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) ...................................... 35, 37

*In re Remington Rand Corp.*, 836 F.2d 825 (3d Cir. 1988) .................................... 12

*Robinson v. ECast Settlement Corp.*, 2015 U.S. Dist. LEXIS 12700 (N.D. Ill. Feb. 3, 2015) ............................................................................................ 28

*Rosen v. Dahan (In re Hoang)*, 469 B.R. 606 (D. Md. 2013)................................. 10

*In re Schlein*, 8 F.3d 745 (11th Cir. 1993) ........................................................... 11

*Shimek v. Forbes*, 374 F.3d 1011 (11th Cir. 2004) ............................................... 15

*Shipley v. Meadowbrook Club, Inc.*, 211 Md. 142 (Md. 1956) ........................... 13

*Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010) ........ 23, 24, 37, 38

*Simon v. FIA Card Servs., N.A.*, 732 F.3d 259 (3d Cir. 2013)............................. 35

*Stewart v Bierman*, 859 F.Supp.2d 754 (D. Md. 2012) ...................................... 17

*Stratton v. New,* 283 U.S. 318 (1931) .................................................................. 18

*Torres v. Cavalry SPV, I, LLC*, 530 B.R. 268 (E.D. Pa. 2015)........................ 27, 33

*Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443 (2007) ........................................................................................ 19, 20

*United States v. Black*, 739 F.3d 931 (6th Cir. 2014) .......................................... 21

*Vitullo v. Mancini*, 684 F.Supp. 2d 760 (E.D. Va. 2010)..................................... 15

*Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002).................................... 37

*Williams v. Asset Acceptance, LLC (In re Williams)*, 392 B.R. 882 (Bankr. M.D. Fla. 2008) ..................................................................................... 24, 36

**Statutes**

11 U.S.C. § 101(5)(A) .......................................................... 11, 12, 13, 20, 29

11 U.S.C. § 362 .......................................................................... 20, 25, 26

11 U.S.C. § 362(a)(6) .......................................................................... 20

11 U.S.C. § 501(a) .............................................................................. 11, 19, 22

11 U.S.C. § 502(a) .............................................................................. 11, 20, 40

11 U.S.C. § 502(b) .............................................................................. 11, 14

11 U.S.C. § 541 ................................................................................... 18

11 U.S.C. § 558 ................................................................................... 11, 14

11 U.S.C. § 704(a)(5) .......................................................................... 20, 42

11 U.S.C. § 1302(a) ............................................................................ 42

11 U.S.C. § 1328(a) ............................................................................ 7, 40

11 U.S.C. § 1329 ................................................................................. 42

15 U.S.C. § 1692(e)............................................................................. 16, 29

Maryland Consumer Debt Collection Act, Md. Code Ann.

Com. Law § 14-201 ...................................................................... 6

Md. Cts. & Jud. Proc. Code § 5-101 ........................................... 13

**Rules**

Fed. R. Bankr. P. 3001 ................................ 10, 12, 19, 22, 31, 37, 39

Fed. R. Bankr. P. 3002 ............................................................... 10

Fed. R. Bankr. P. 3007 ........................................................... 10, 39

Fed. R. Bankr. P. 7012 ................................................................. 9

Fed. R. Civ. P. 12(b)(6) ............................................................... 9

**Other Authorities**

H.R. 95-595, 95th Cong. 1st Sess. 309 (1977) Senate Report 95-989, 95th Cong. 2d Sess. 21 (1978) ........................................................ 12

S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695 ............... 17

vi

## I.    STATEMENT OF THE ISSUES

1.    Whether a debt that is subject to the affirmative defense of an expired Maryland statute of limitations is a claim under § 101(A)(5) of title 11 the United States Code (the "Bankruptcy Code").

2.    Whether the filing of a proof of claim with respect to a debt that is subject to the affirmative defense of an expired Maryland statute of limitations is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

3.    If it is a violation of the FDCPA to file a proof of claim with respect to a debt that is subject to the affirmative defense of an expired Maryland statute of limitations, whether the application of the FDCPA to such conduct is precluded by the Bankruptcy Code.

4.    Is the Maryland Consumer Debt Collection Act, Md. Code Ann. Com. Law § 14-201, *et seq.* (the "MCDCA") violated by the filing of a proof of claim respecting a debt subject to the affirmative defense of an expired Maryland statute of limitations.

5.    If it is a violation of the MCDCA to file a proof of claim with respect to a debt that is subject to the affirmative defense of an expired Maryland statute of limitations, whether the application of the MCDCA to such conduct is preempted by the Bankruptcy Code.

## II.   STATEMENT OF THE CASE

### A. Statement of Case as to Appellant Kimberly Adkins and Proof of Claim 6.

Appellant Kimberly Adkins ("Adkins") filed a petition under chapter 13 of the Bankruptcy Code on August 29, 2014 (the "Adkins Petition"). J.A. 125 (¶9). Atlas Acquisitions LLC ("Atlas") filed two proofs of claim in Adkins chapter 13 case. J.A. 125 (¶10); J.A. 136 (¶10).

Atlas' first proof of claim (identified in the bankruptcy court as Proof of Claim 6 and here as "Adkins POC 6") identified a debt owing to it from Adkins in the amount of $184.62. J.A. 125 (¶10). It also stated that the "last transaction date" with respect to the debt was May 19, 2009 and being "charged off" on that same day. *Id.* Adkins POC 6 also identifies Atlas having acquired the debt from Elite Enterprise Services and having been originated by Check N Go.[1] *Id.*

Adkins' Petition did not identify this debt, Atlas, Elite Enterprise Services or Check N Go. J.A. 146-155; Appellant's Opening Br., p. 2.

---

[1] This appeal is before the Court on review of an order dismissing Adkins' two adversary cases pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012. With respect to Adkins, the factual allegations of the two adversary complaints are the only facts in the record. Adkins POC 6 refers to the debt having been "originated from" "Check N Go." J.A. 125 (¶12); J.A. 131. Throughout Adkins' Opening Brief she refers to "Check N Go" as a "payday lender." Her adversary complaint does not allege "Check N Go" to be any type of lender and none of her references to the Joint Appendix identify the nature of Check N Go's business. Because this fact allegation was not made below, it should be stricken.

2

Adkins filed an Adversary Complaint on February 2, 2015 objecting to this claim. J.A. 124, 126 (¶¶17-22). The *sole* basis for the objection was that the $184.62 debt identified in Adkins POC 6 was subject to the affirmative defense that the Maryland limitations period applicable to her debt (Md. Cts. & Jud. Proc. Code § 5-101) had run. J.A. 126 (¶19). But Adkins had no dispute with the statements made by Atlas in Adkins POC 6. She did not dispute that she owed the debt to Atlas (J.A. 126 (¶26)). She did not object to the amount of the debt or any of the other statements made by Atlas in the proof of claim. J.A. 126 (¶¶17-22). Adkins never pled that Atlas did not hold a claim under bankruptcy law, only that its claim should be disallowed. J.A. 125 (¶15).

Adkins also alleged Atlas had violated the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692) because the debt identified by Adkins POC 6 was "time-barred." J.A. 126, 127 (¶¶27-28).

## B. Statement of Case as to Appellant Kimberly Adkins and Proof of Claim 8.

Atlas filed a second proof of claim in Adkins' chapter 13 case (identified in the bankruptcy court as Proof of Claim 8 and here as "Adkins POC 8"). J.A. 136 (¶10). Adkins POC 8 identified a debt owing to Atlas from Adkins in the amount of $390.00. J.A. 136 (¶10). It also stated that the "last transaction date" with respect to the debt was September 10, 2009, and being "charged off" on that same

day. Adkins POC 8 also identifies Atlas having acquired the debt from Elite Enterprise Services and having been originated by Impactcashusa.[2]

Adkins' Petition did not identify this debt, Atlas, Elite Enterprise Services or Impactcashusa. J.A. 146-155; Appellant's Opening Br., p. 2.

Adkins filed a second Adversary Complaint on February 26, 2015 objecting to this claim as well. J.A. 135, 137 (¶¶17-22). Like her objection to Adkins POC 6, the only basis for the objection to Adkins POC 8 was that the debt was subject to the affirmative defense of being beyond the limitations period of Md. Cts. & Jud. Proc. Code § 5-101. J.A. 137 (¶19). Adkins made no objection to any of the statements made in Adkins POC 8. She did not dispute the debt was owed from her to Atlas (J.A. 137 (¶26)). She did not dispute the amount of the debt or any of the statements made by Atlas in the proof of claim. J.A. 137 (¶¶17-22). Just as she did with Adkins POC 6, Adkins never pled Atlas did not hold a claim under bankruptcy law, only a claim that she believed should be disallowed. J.A. 136 (¶15).

---

[2] Adkins POC 8 refers to the debt having been "originated from" "Impactcashusa." J.A. 135 (¶12); J.A. 142. Throughout Adkins' Opening Brief she refers to "Impactcashusa" as a "payday lender." Her adversary complaint did not allege "Impactcashusa" to be any type of lender and none of her references to the Joint Appendix identify the nature of Impactcashusa's business. Because this fact allegation was not made below, it should be stricken.

Adkins also alleged Atlas had violated the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692) because the debt identified by Adkins POC 8 was "time-barred." J.A. 137, 138 (¶¶27, 28).

## C. Statement of Case as to Appellant Chaille Dubois.

Appellant Chaille Dubois ("Dubois") filed a petition under chapter 13 of the Bankruptcy Code on December 6, 2014 (the "Dubois' Petition"). J.A. 50.

Atlas filed a proof of claim in Dubois' chapter 13 case on January 6, 2015 (the "Dubois Proof of Claim"). J.A. 50 (¶10). The Dubois Proof of Claim identified a debt owed from Dubois to Atlas in the amount of $135.00. *Id.* It also stated that the "last transaction date" with respect to the debt was October 18, 2008 and that the debt was "charged off" on March 21, 2009. J.A. 50 (¶12). It identified Atlas having acquired the debt from Elite Enterprise Services and having been originated by Iadvance.[3] *Id.*

Dubois filed an adversary complaint against Atlas on March 6, 2015. J.A. 49. Like the adversary complaint filed by Adkins, Dubois objected to Atlas' proof of claim and alleged its filing violated the FDCPA. J.A. 51-52. Unlike Adkins, Dubois also alleged the filing of the Dubois Proof of Claim also violated the

---

[3] Dubois' Proof of Claim refers to the debt having been "originated from" "Iadvance." J.A. 50 (¶12); J.A. 57. Throughout Adkins' Opening Brief she refers to "Iadvance" as a "payday lender." Her adversary complaint did not allege "Iadvance" to be any type of lender and none of her references to the Joint Appendix identify the nature of Iadvance's business, let alone it being a "payday" lender. Because this fact allegation was not made below, it should be stricken.

5

Maryland Consumer Debt Collection Act, Md. Code Ann. Com. Law § 14-201, *et seq.* (the "MCDCA"). J.A. 52-53.

Dubois' pleading was otherwise identical to Adkins'. The sole basis for her objection to the Dubois Proof of Claim was that the debt was subject to the affirmative defense of being beyond the limitations period of Md. Cts. & Jud. Proc. Code § 5-101. J.A. 51 (¶19). Dubois did not allege any of Atlas' statements made in the Dubois Proof of Claim were false, incorrect or untrue. J.A. 51(¶¶17-22). She did not dispute the debt was owed from her to Atlas (J.A. 51 (¶26)). And Dubois never pled Atlas did not hold a claim under bankruptcy law, only a claim that she believed should be disallowed. J.A. 51 (¶15).

### D. Consolidated Disposition of Dubois and Adkins Adversary Complaints.

Atlas moved under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 to dismiss the three adversary complaints. Dubois D.E. 8; Adkins I D.E. 8; Adkins II D.E. 8. Atlas relied on well-settled law that bankruptcy law captures as claims all "rights to payment." While a debtor can invoke an affirmative defense of an expired limitations period in response to a claim, so long as the creditor otherwise has a exercisable right to payment, a proper claim exists and is made. *Id.* Atlas did not oppose the disallowance of its claims and, on the record, stipulated to it. J.A. 59, 133, 144.

The court below ruled in favor of Atlas and dismissed Dubois' and Adkins' adversary complaints finding Atlas had not violated the FDCPA or the MCDCA by filing its proofs of claim. JA 59, 86, 133, 144.

## III.   **SUMMARY OF THE ARGUMENT**

The Bankruptcy Code allows persons to obtain a financial "fresh start." Critical to this goal is the discharge of debt provided under 11 U.S.C. §1328(a) of the Bankruptcy Code.  In Chapter 13 cases, like those of Appellants, this discharge is effective only against debts that receive "treatment" in a debtor's chapter 13 case. This treatment can be as simple as the debtor scheduling the debt in her Chapter 13 petition.

But debtors sometimes do not schedule all debts. This creates a problem for debtors because their unscheduled or unlisted debts are not discharged. These non-discharged debts continue to haunt the debtor and imperil the goal of providing debtors with a financial "fresh start."  The Bankruptcy Code provides a mechanism to capture these forgotten claims through the claims process. The claims process allows the holder of a claim (such as a creditor who believes the debtor owes it a debt) to file the "proof of claim."

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide a very detailed and comprehensive process for the treatment of claims, including the right of creditors to file proof of *any* claim they

7

might possess against the debtor (including claims that are disputed, contingent, unliquidated, etc.), governance over the information that proofs of claim must contain, and various remedies for debtors to employ against claims that may be unenforceable. The Bankruptcy Code does not exclude from the definition of the term "claim" a debt that is subject to the bar of an expired state statute of limitations. The Bankruptcy Code recognizes that this broad and expansive reading of what constitutes a "claim" can capture all claims, treat them in a bankruptcy case, and cause them to be discharged – that is being barred by injunction from being collected or enforced by any means, through any method. This discharge is a powerful equitable remedy the debtor seeks, because it offers her a "fresh start" from all claims, no matter how, when or where they can be enforced.

Both Appellants here failed to schedule or list their debts owed to Atlas. Atlas filed proofs of claims in the Appellants' chapter 13 cases. Atlas' filing of the proofs of claims here is expressly permitted by the Bankruptcy Code and furthers its purpose of providing debtors with a financial "fresh start." It is not the type of conduct that is prohibited by the FDCPA or the MCDCA.

Adkins and Dubois premise their appeal on the mistaken belief that the FDCPA and its Maryland equivalent supersede bankruptcy law and somehow (though not well articulated) redefine what is a "claim" under the Bankruptcy

Code. This tortured argument is based upon a misunderstanding of the affirmative defense of an expired limitations period. It purposefully ignores that even if a debt is subject to an expired state law limitations period, it can still be collected, certainly by non-judicial means and even by a lawsuit. Neither the FDCPA nor the MCDCA extinguish their debts. It proposes that even though debts such as those owed by Adkins and Dubois are lawfully collectible under the FDCPA and MCDCA, they are not really "claims."

The FDCPA and MCDCA, statutes designed to protect against abusive debt collection conduct, do not prohibit creditors from exercising lawful collection activity. And they do not supersede what bankruptcy law expressly identifies as a "claim." Nor should these statutes be construed to stymie the Bankruptcy Code's purposes of providing debtors with a financial "fresh start."

## IV.  LAW AND ARGUMENT

### A.  Standard of Review

This matter comes before this Court upon a direct appeal from the Bankruptcy Court of the District of Maryland at Greenbelt (the "Bankruptcy Court") of a dismissal of an adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6) made applicable therein by Fed. R. Bankr. P. 7012. This Court reviews the Bankruptcy Court's dismissal of the adversary proceeding for failure to state a

claim de novo. *Rosen v. Dahan (In re Hoang),* 469 B.R. 606, 613 (D. Md. 2013)

(citing *Mylan Labs., Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

**B.      Under the Bankruptcy Code, Atlas has a claim against the Appellants even if the underlying debt is barred by the Maryland Statute of Limitations.**

In this case, Appellants' claims arise from the mere filing of proofs of claim in

Appellants' chapter 13 bankruptcy cases, and all of the conduct which forms the

bases for their claims arose from conduct occurring in the bankruptcy claims

process. But the conduct about which Appellants complain can only arise in and

be adjudicated by the bankruptcy court applying bankruptcy law.

The Bankruptcy Code and its rules provide comprehensive and detailed

procedures for the filing and consideration of creditors' claims, the resolution of

disputes over claims and a fresh start for debtors. *Moses v. CashCall, Inc.*, 781

F.3d 63, 72 (4th Cir. 2015); Fed. R. Bankr. P. 3001, 3002 and 3007.

The Bankruptcy Code covers the entire subject of bankruptcy proceedings,

generally, and the claims process, specifically. When Congress enacted the

Bankruptcy Code, it created a comprehensive scheme designed to manage the

entirety of the debtor-creditor relationship after a petition for bankruptcy relief is

filed. The Bankruptcy Code " . . .demonstrates Congress's intent to create a whole

system under federal control which is designed to bring together and adjust all of

the rights and duties of creditors and embarrassed alike." *Pertuso v. Ford Motor*

*Credit Co.*, 233 F.3d 417, 425 (6th Cir. 2000) (quoting *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996)); *E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 120 (2d Cir. 2001) ("The Bankruptcy Code provides a comprehensive federal system of penalties and protections to govern the orderly conduct of debtors' affairs and creditors' rights."); *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 461 (1999) ("[T]he Bankruptcy Code . . . seeks to bring an entire area of law under a single, coherent statutory umbrella . . . ."); *In re Schlein*, 8 F.3d 745, 753 (11th Cir. 1993) ("The Bankruptcy Code was enacted as a comprehensive scheme to regulate debtor-creditor relationships after the filing of a bankruptcy petition.").

### 1. The Bankruptcy Claims Process Contemplates Atlas' Filing of its Proofs of Claims Even When the Underlying Debts Are Subject to the Affirmative Defense of an Expired Limitations Period.

Part of the comprehensive system is § 501(a) of the Bankruptcy Code which permits creditors to assert *any* "claim" (as that term is defined in § 101(5)(A) of the Bankruptcy Code) against a debtor by filing a proof of claim. Sections 502(a), 502(b), and 558 of the Bankruptcy Code define the instances in which claims shall be allowed or disallowed. *See* 11 U.S.C. §§ 502(a), 502(b), and 558. Likewise,

the Bankruptcy Rules govern the procedures applicable to the filing of such proofs of claim. *See* Fed. R. Bankr. P. 3001-3008.[4]

The proofs of claims filed by Atlas in the Appellants' Chapter 13 cases identify "claims" against Appellants even if a state law cause of action on the underlying debt would be barred by the Maryland statute of limitations. Pursuant to § 101(5)(A) of the Bankruptcy Code, the term "claim" is defined broadly to mean a "right to payment" regardless of whether that right is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Legislative history confirms that a claim is to be defined in the broadest possible way: "[B]y this broadest possible definition, the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." H.R. 95-595, 95th Cong. 1st Sess. 309 (1977) Senate Report 95-989, 95th Cong. 2d Sess. 21 (1978). Under bankruptcy law, a "claim" must be construed in the broadest possible sense, to include rights to payment of all types, whether or not a lawsuit can be filed to enforce the right. *Pa. Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 558 (1990); *see also In re Remington Rand Corp.,* 836 F.2d 825, 831-832 (3d Cir.

---

[4] Moreover, to the extent proofs of claim contain false or fraudulent representations (which Appellants do not allege) or were filed for improper purposes, the Bankruptcy Code and Bankruptcy Rules provide remedies, including sanctions. *See, e.g.,* Fed. R. Bankr. P. 3001, 9011; 11 U.S.C. § 105.

1988) ("[i]n ascertaining when the government's right to payment arose, we recognize that a party may have a bankruptcy claim and not possess a cause of action on that claim." *Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.* 266 B.R. 575, 581 (S.D.N.Y. 2001) ("a claim need not be a presently enforceable obligation.").

A debt which is subject to an expired statute of limitations is a right to payment that fits neatly within § 101(5)(A)'s definition of a claim because, although it may not be enforceable through a state court, it still provides the holder with a "right to payment." *See Keeler v. PRA Receivables Mgmt., LLC (In re Keeler),* 440 B.R. 354 (Bankr. E.D. Pa. 2009).

### 2. Under Maryland Law a Debt Subject to an Expired Limitations Period is an Enforceable Right to Payment.

The Maryland statute of limitations applicable here, Md. Cts. & Jud. Proc. Code § 5-101, neither extinguishes the underlying debts owed by Appellants nor does it deprive Maryland courts of subject matter jurisdiction over those debts. *See Frank v. Wareheim,* 177 Md. 43 (Md. 1939); *Shipley v. Meadowbrook Club, Inc.,* 211 Md. 142 (Md. 1956) (holding that the mere fact that an action on a note was barred by limitations would not prevent resort to the security agreed to be pledged because the statute did not extinguish the debt). Further, a plea of the statute of limitations is not self-executing. It is an affirmative defense that must be specifically pleaded or else it is waived. *Brooks v. State,* 85 Md. App. 355 (1991).

13

Even where the limitations period has expired, Maryland law recognizes that the limitations period can, under certain circumstances, begin to run anew when a debtor makes a partial payment or acknowledges the debt. *Hodgson v. Burroughs*, 175 Md. 413, 428-429, 2 A.2d 407 (1938).

The Bankruptcy Code expressly anticipates that some proofs of claim may be disallowed on the basis of affirmative defenses. For example, § 558 of the Bankruptcy Code states that the bankruptcy estate may raise any defense that the debtor could have raised, "including *statutes of limitation* . . . and other personal defenses." 11 U.S.C. § 558 (emphasis added).    And § 502 of the Bankruptcy Code allows for an objection to a claim on the grounds that "such claim is unenforceable against the debtor and property of the debtor, *under any agreement or applicable law*." 11 U.S.C. § 502(b)(1) (emphasis added). This section of the Bankruptcy Code would be "unnecessary if proofs of claim on unenforceable claims were prohibited to begin with."  *See Johnson v. Midland Funding, LLC,* 528 B.R. 462 (S.D. Ala. 2015).  "Since one ground of unenforceability is the expiration of the limitations period, the [Bankruptcy] Code clearly contemplates the filing of proofs of claim on claims barred by the statute of limitations, with such claims to be allowed without objection or disallowed upon objection. *Id.*; *see also In re Edge*, 60 B.R. 690, 699 (Bankr. M.D. Tenn. 1986) ("That a claim is not allowable

14

because a statute of limitations has expired does not defeat the existence of the claim in bankruptcy.").

Pursuant to the Bankruptcy Code, Atlas holds claims against the Appellants. Appellants' argument is premised on the mistaken interpretation that Atlas did not possess valid claims against Appellants because they are subject to the defense of an expired statute of limitations period. Under Maryland law, Atlas possessed a "right to payment" against both Appellants. The debts were not extinguished by the running of the Maryland limitations period. The Maryland courts had subject matter jurisdiction over the debt. Even more, if either of the Appellants made payments on their debts or otherwise acknowledged them, the limitations period would run anew.

### 3. Neither the FDCPA nor the MCDCA Extinguish Debts.

The FDCPA does not extinguish debts. *Shimek v. Forbes*, 374 F.3d 1011, 1013 (11th Cir. 2004) (per curiam) citing *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997). *See* also *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 765 (E.D. Va. 2010) (finding the FDCPA contained no provision to cancel or extinguish a debt). It only regulates conduct in collection of a debt. *Id.*

There is nothing in the FDCPA or the MCDCA which prohibit a state court from entering judgment on a debt subject to the defense of an expired limitations period. While the conduct of filing the lawsuit and obtaining the judgment might

result in FDCPA liability for a debt collector, there is nothing within the statute that makes the state court judgment a nullity.

Appellants' reliance on the conduct prohibitions of the FDCPA and MCDCA fails to appreciate that the statutes do not work to change the nature of the debt or its status as a claim. By filing its proofs of claim, Atlas merely exercised a right under the Bankruptcy Code to subject itself to the comprehensive claims allowance/disallowance process governed by the Bankruptcy Code—it did not violate the FDCPA or the MCDCA.

### C.     The Filing of a Proof of Claim Does Not Constitute Collection Activity Regulated by the FDCPA.

Congress passed the FDCPA in 1977 in an effort to eliminate "abusive debt collection practices," to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," and to promote "consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) ("Congress enacted the FDCPA . . . to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." (citing 15 U.S.C. § 1692(e)).

Some of the abusive debt collection practices that the FDCPA was adopted to combat include the use of "'obscene or profane language, threats of violence,

16

telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.'" *Penn v. Cumberland,* 883 F. Supp. 2d 581, 586 (E.D. Va. 2012) (quoting *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002)) (quoting S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696)).

The filing of a proof of claim in the context of a bankruptcy case (even with respect to a debt, the collection of which is barred by the applicable statute of limitations) is not debt collection let alone one of those abusive collection practices that the FDCPA was designed to regulate.

In order to prevail on a claim under the FDCPA, a plaintiff must sufficiently allege that (1) he or she was the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined under the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D. Md. 2012). To determine whether an act constitutes a collection activity for FDCPA purposes, courts within the Fourth Circuit have employed a three-factor test: (1) whether the communication included a demand for payment or had the animating purpose to induce payment; (2) the relationship between the parties; and (3) the purpose and context of the

communication. *See*, e.g., *Olson v. Midland Funding, LLC*, No. CCB-13-1882, 2013 U.S. Dist. LEXIS 177241, 2013 WL 6717480, at *4 (D. Md. Dec. 18, 2013) (letter) (quoting *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010)); *Penn v. Cumberland*, 883 F. Supp. 2d 581, 587-88 (E.D. Va. 2012) (pleadings); *Johnson v. Brock & Scott, PLLC*, No.5:11-CV-474-F, 2012 U.S. Dist. LEXIS 140713, 2012 WL4483916, at *15-16 (E.D.N.C. Sept. 27, 2012) (letters and telephone calls).

### 1. A Proof of Claim does not contain a Demand for Payment.

Immediately upon the filing of a bankruptcy petition, the bankruptcy estate is created, and the debtor's property is placed "under the control of the court for equal distribution among the creditors." 11 U.S.C. § 541; *Stratton v. New*, 283 U.S. 318, 320-21, 51 S.Ct. 465, 466 (1931). When a debtor files a bankruptcy petition, he or she invokes the protections provided to all debtors under the Bankruptcy Code. Those protections include (among other things) the creation of a bankruptcy estate, the appointment of a private trustee over the assets of the estate, and the shield known as the automatic stay. By filing a bankruptcy petition, the debtor receives a breathing spell from his or her creditors while the trustee works to distribute the available assets to creditors. The Bankruptcy Code governs the conduct of debtors and creditors in bankruptcy and their actions are monitored closely.

The Bankruptcy Code expressly authorizes all of the debtor's creditors to file a proof of claim to assert *any* claim that the creditor may have against the debtor—whether or not that claim would be enforceable in a state court collection proceeding. *See* 11 U.S.C. § 501(a). The proof of claim is a written statement setting forth a creditor's claim. Fed. R. Bankr. P. 3001(a). The format and content of a proof of claim is limited by the required use of an official form, namely, Official Form B20 (the "Official Form"). (Pursuant to Bankruptcy Rule 3001(a) a proof of claim must substantially conform to the Official Form). The Official Form dictates the information provided on the proof of claim form by each creditor. This information includes the name and address of the creditor, the amount of the creditor's claim as of the petition date, the basis for the claim, an itemization of the claim if it includes interest or other charges, and whether or not the claim is secured or subject to priority. A proof of claim does not contain a prayer for judgment or a demand for payment. A proof of claim simply provides the information necessary to put the trustee on notice that a claim against the bankruptcy estate exists and whether or not there may be grounds to object to it. In other words, the filing of a proof of claim is meant only to assert a right to payment against a debtor's estate, so that the court can determine whether the claim is allowed under the Bankruptcy Code. *See Jude Jacques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009) (citing *Travelers Cas. and Sur. Co.*

*of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199 (2007) (citing 11 U.S.C. §§ 101(5)(A), 502(a)).     As such, the proof of claim is not a demand for payment, but rather a request to participate in the bankruptcy process.

### 2. A Proof of Claim is not a Communication to a Debtor.

A private trustee, appointed by the Office of the United States Trustee, is charged with the responsibility to "examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5).     As such, the filing of a proof of claim against a debtor's estate in a chapter 13 proceeding is not a communication from a creditor or debt collector to a consumer debtor that could be actionable under the FDCPA. *In re McMillen*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010).

Because the filing of a proof of claim is not an attempt to collect an obligation of a natural person, but instead is a request to participate in a bankruptcy directed to the bankruptcy court and trustee, a proof of claim does not constitute debt collection activity.

### 3. Participation in the Bankruptcy Claims Process is Not an Attempt to Collect a Debt.

Upon the filing of a bankruptcy petition, the automatic stay of 11 U.S.C. § 362 protects the debtor from "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §362(a)(6). However, despite the automatic stay, the Bankruptcy Code expressly

20

permits creditors to file a proof of claim in order to make their claims known and, in some cases, avoid having their debts discharged. Thus, to construe a proof of claim as a demand for payment is fundamentally at odds with the Bankruptcy Code. If a proof of claim were considered a demand for payment, and by extension a collection activity, the creditor who files a proof of claim (whether or not the underlying debt is time-barred or otherwise unenforceable) would violate the automatic stay. This is an absurd result. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 448, 355-356 (5th Cir. 2008) ("We find no precedents in which a court has held that asserting a right to payment in a [p]roof of [c]laim constitutes a violation of the automatic stay."); and *Hurst v. U.S. Bank (In re Hurst*, 357 B.R. 782, 785 (Bankr. W.D. Ark. 2006) (even when incorrect, the filing of a proof of claim does not violate the automatic stay set out in 11 U.S.C. § 362.).

Courts refrain from interpreting a statute to apply to particular conduct if doing so renders absurd results with the provision at issue or *any* other provision of the statute. *E.g., United States v. Black,* 739 F.3d 931, 936 (6th Cir. 2014) (declining to interpret statute in a manner that led to absurd results when applied to another statutory provision). Courts have expressly applied this rule to interpret the FDCPA, as well as the Bankruptcy Code. *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 399-400 (6th Cir. 1998) ("To punish [a debt collector] for compliance with [section 1692e(11) of the FDCPA] . . . would be an absurd result

21

that we decline to reach."); *see also In re Mazyck*, 521 B.R. 726, 733 (Bankr. D.S.C. 2014) (holding it "unreasonable" and an "absurd result" if "the filing of a proof of claim in accordance with Fed. R. Bankr. P. 3001 and Section 501 [of the Bankruptcy Code could] serve as the basis for asserting a violation of the automatic stay") (citation and quotation omitted).    Because the automatic stay prohibits a creditor from taking any action to collect a debt that arose prior to the commencement of the case but the Bankruptcy Code directs creditors to file proof of their claim, this Court should decline to hold that a proof of claim is collection activity to which the FDCPA could apply.

### 4. The Majority of Courts Hold that the Filing of a Proof of Claim is not Collection Activity within the Meaning of the FDCPA.

The majority of courts to decide the issue (including lower courts in this Circuit) have found that the filing of a proof of claim does not constitute the type of debt collection activity contemplated by the FDCPA.  For example, in *Covert v. LVNV Funding LLC,* 2013 U.S. Dist. LEXIS 175651 (D. MD 2013), the United States District Court for the District of Maryland held that the filing of a proof of claim does not constitute debt collection activity within the meaning of the FDCPA, and therefore, Plaintiff's FDCPA and state law collections claims must be dismissed.  Likewise, in *Jenkins v. Genesis Fin. Solutions and Vativ Recovery Solutions, LLC,* 456 B.R. 236, 240 (Bankr. E.D. N.C. 2011), holding that the

22

FDCPA did not apply to the filing of a proof of claim, the Bankruptcy Court for the Eastern District of North Carolina said "[t]he Court is not persuaded that the filing of a proof of claim can constitute regulated 'collection' activity within the meaning of [the FDCPA]." Many other courts around the country agree. *See*, e.g., *Buckley v. Bass & Associates*, 249 F.3d 678, 681 (7th Cir. 2001) (the filing of a proof of claim is outside the scope of the FDCPA as a company preparing to file a proof of claim "wouldn't be a debt collector after all") (dicta); *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2nd Cir. 2010) ("[f]ederal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action"); *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 96 (2d Cir. 2012) (stating that the protective purposes of the FDCPA typically are not implicated when a debtor is instead protected by the court system and its officers). *In re Jacques*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009) ("[i]t simply is not wrongful conduct prohibited by the FDCPA to file a proof of claim as authorized by the Bankruptcy Code."); *In re Humes v. LVNV Funding, LLC, et al.*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013) ("as a matter of law . . . a FDCPA claim cannot be predicated on a creditor's filing of a proof of claim. The [Bankruptcy] Code, case law, and policy dictate such a result."); *In re Claudio*, 463

B.R. 190, 193 (Bankr. D. Mass. 2012) ("Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the [FDCPA], and that such a filing therefore cannot serve as the basis for an FDCPA action.") (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95-96 (2nd Cir. 2010)); *Williams v. Asset Acceptance, LLC (In re Williams)*, 392 B.R. 882, 885-87 (Bankr. M.D. Fla. 2008) (holding that a stale proof of claim cannot give rise to a cause of action under the FDCPA); *In re Cooper*, 253 B.R. 286, 291-92 (Bankr. N.D. Fla. 2000) (holding that the FDCPA does not apply to a proof of claim filed for an inflated amount); *see also*, *B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy court disallowing such claim after objection from the debtor.  It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA."); *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D. Min. 2008) (FDCPA claims cannot be premised on a proof of claim filed in bankruptcy proceeding); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 813-14 (N.D. Ill. 1999) (same); *Baldwin v. McCalla*, No.98-C-4280, 1999 U.S. Dist. LEXIS 6933 (N.D. Ill. Apr. 19, 1999) (same); *In re Varona*, 388 B.R. 705, 723 (holding that proofs of claim are not false or fraudulent merely because

statute of limitations may have run on any cause of action to collect on the debts in question); and *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 235-36 (9th Cir. BAP 2008) (holding that Congress did not intend for the FDCPA to apply in the context of proofs of claim filed in bankruptcy).

Because a proof of claim (i) does not contain a demand for payment, (ii) is a written statement directed primarily at the trustee who has a duty to review it and object to it if necessary, and (iii) is permitted under the Bankruptcy Code despite the automatic stay of § 362, it can hardly be said that a proof of claim constitutes a collection activity that is subject to the oversight of the FDCPA and this Court should decline to find otherwise.

### 5. The Bankruptcy Claims Process is not Similar to a Civil Lawsuit.

Despite the great weight of authority to the contrary, last year the Eleventh Circuit Court of Appeals became one of the first federal courts in the country to hold that a plaintiff conceivably could state a claim under the FDCPA based on a creditor's filing of a proof of claim with respect to a time-barred debt. *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir. 2014). It was the *Crawford* decision that started an avalanche of FDCPA lawsuits similar to the suits filed by Appellants against Atlas. However, the Eleventh Circuit got it wrong. In rejecting the argument that filing a proof of claim is "not the sort of debt-collection activity that the FDCPA regulates," the Eleventh Circuit disregarded the text, structure, and

purpose of the FDCPA and ignored the more nuanced nature of the bankruptcy process.  In *Crawford,* the court relied heavily on the Seventh Circuit's decision in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013), to conclude that if it violates the FDCPA to file a state court lawsuit to collect upon a time-barred debt, then it also violates the FDCPA to file a proof of claim regarding a time-barred debt.  In *Crawford*, the Eleventh Circuit employed the "least sophisticated" consumer standard articulated in *Philips* and reasoned that similar to filing a law suit with respect to a time-barred debt, the filing of a proof of claim on a time-barred debt creates the misleading impression to the debtor that the debt is legally enforceable.

*Crawford*'s reliance on *Phillips* and the "least sophisticated" consumer standard is misplaced and ignores the more nuanced nature of the bankruptcy process.  The dangers to the "least sophisticated" consumer articulated by the *Phillips* court are not present in the context of a bankruptcy case.  This is because (a) individuals who seek protection under the Bankruptcy Code are protected by the automatic stay imposed by § 362 of the Bankruptcy Code, (b) bankruptcy debtors also are protected by a discharge  after the bankruptcy concludes, (c) unlike an individual who is forced to defend a collection lawsuit initiated by a creditor, a debtor in bankruptcy (such as the Appellants) subjects himself to the judicial process by filing a chapter 13 petition, (d) and the "bankruptcy process is

governed by strict rules under the supervision of the courts, the trustee, and the United States Trustee." *Broadrick v. LVNV Funding, LLC, et al.,* 532 B.R. 60, 70 (Bankr. M.D. Tenn. 2015). *See also, In re Lagrone,* 525 B.R. 419 (Bankr. N.D. Ill. 2015) (stating that "in collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to "examine proofs of claim and object to the allowance of any claim that is improper."). Accordingly, a debtor in bankruptcy, who is afforded the safeguards provided under the bankruptcy scheme and who is protected by a presumably competent attorney and a trustee (who acts as a fiduciary) is not placed in the same vulnerable position as an "unsophisticated consumer."

As such, despite *Crawford,* a majority of Courts have continued to find that the FDCPA does not apply to the filing of a proof of claim with respect to time-barred debt. *See, e.g., Broadrick,* 532 B.R. 60; *Gatewood v. CP Medical, LLC,* 2015 Bankr. LEXIS 2262 (8th Cir. B.A.P. July 10, 2015) (holding that filing an accurate proof of claim containing all the required information, including the timing of the debt, standing alone is not a prohibited debt collection practice under the FDCPA); *Torres v. Cavalry SPV, I, LLC*, 530 B.R. 268 (E.D. Pa. 2015) (holding that the FDCPA does not apply to the filing of proofs of claim with respect to stale debts noting that debtors are protected by the bankruptcy court and

court officers from abusive collection practices, and the Bankruptcy Code provides adequate remedies for potential creditor misconduct); *In re LaGrone*, 525 B.R. 419 (holding that the filing of a proof of claim subject to a limitations defense does not violate the FDCPA and setting forth "four differences between lawsuits filed against individuals and proofs of claim filed in bankruptcy cases, all indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process"); *Johnson v. Midland Funding, LLC,* 528 B.R. 462 (S.D. Ala. 2015) (holding that the FDCPA does not apply to the filing of a proof of claim with respect to a stale debt because the FDCPA is precluded by the Bankruptcy Code); *Robinson v. ECast Settlement Corp.*, 2015 U.S. Dist. LEXIS 12700 (N.D. Ill. February 3, 2015) (holding that no FDCPA violation occurred when the creditor filed a proof of claim authorized under the Bankruptcy Code and nothing contained in the proof of claim was deceptive, untrue or misleading); *Donaldson v. LVNV Funding LLC*, 2015 U.S. Dist. LEXIS 45134 (S.D. Ind. April 7, 2015) (rejecting the "least sophisticated consumer" standard for determining the existence of a FDCPA violation that was applied in *Crawford* and holding that a factual proof of claim with respect to a stale debt is not actionable under the FDCPA); *Dunaway v. LVNV Funding LLC, et. al,* 14-ap-4132 (Bankr. W.D. Mo. May 19, 2015) (holding that the filing of a proof of claim with respect to a stale debt does not violate the FDCPA and rejecting the "least sophisticated consumer"

28

standard for determining the existence of a FDCPA violation applied in *Crawford)*. This Court should follow the vast majority of cases decided after *Crawford* and find that the filing of a proof of claim even with respect to a time-barred debt does not violate the FDCPA.

### D. Even Assuming *Arguendo* that Filing a Proof of Claim is Debt Collection, Atlas did not Violate the FDCPA by Filing its Proofs of Claim Against Appellants.

Even assuming *arguendo,* that the filing of a proof of claim *could* constitute an act or attempt to collect a debt or a means of debt collection subject to the FDCPA (which it cannot), the proofs of claim filed by Atlas against Appellants do not violate the FDCPA. The FDCPA prohibits conduct such as "threats to take any action which cannot legally be taken (§ 1692e(5)), and unfair or unconscionable means to collect or attempt to collect any debt (§ 1692f). The filing of a proof of claim simply does not qualify as such conduct.

As explained in subsection B, *infra,* the Bankruptcy Code allows creditors to file proof of their claims, and a debt that is subject to an expired limitations period is a claim within the meaning of § 101(A)(5). Thus, it is "legal" for creditors that hold claims, such as Atlas', to file proofs of claim and participate in the chapter 13 claims process. As the United States Supreme Court has said, the FDCPA must be read in a manner that "is consistent with the statute's apparent objective of preserving creditors' judicial remedies." *Heintz v. Jenkins,* 514 U.S. 291 (1995).

Thus, the FDCPA should not be read in this instance to preclude Atlas from taking an action it is legally permitted to take, i.e., to file a proof of its claim. Accordingly, the Court should not find that, by filing its proofs of claim in Appellants' chapter 13 proceedings, Atlas took or threatened to take any action which legally cannot be taken in violation of §1692e(5).

In addition, Atlas' proofs of claim do not constitute an "unfair or unconscionable means to collect or attempt to collect any debt as prohibited by §1692f. "[T]here is nothing 'unfair' or 'unconscionable' about filing a proof of claim in a bankruptcy case even if it could be construed as a debt collection activity. The FDCPA's purpose of protecting unsophisticated consumers from unscrupulous debt collectors is simply not implicated at all." *In re Chaussee*, 399 B.R. at 244-45 (Jury, J., concurring) (majority held that the FDCPA claim was preempted). *See* also, *In re LaGrone,* 525 B.R. 419 (Bankr. N.D. Ill. 2015) (dismissing §§ 1692e and 1692f claims that were based on filing of proof of claim subject to limitations defense explaining that "[a] claim in bankruptcy being subject to an affirmative defense (such as the statute of limitations) does not make the claim's filing 'unfair or unconscionable' or a 'false, deceptive, or misleading representation or means' of collecting a debt, as required to state a claim for relief under the FDCPA.").

30

The filing of a proof of claim does not constitute the use of "unfair or unconscionable" means to collect a debt for several reasons. First, as explained above, the Bankruptcy Code expressly permits the filing of a proof of claim with respect to any claim. Next, the Official Form and the Bankruptcy Rules govern the information that must be included on the proof of claim. Specifically, Bankruptcy Rule 3001 requires open-end or revolving consumer credit claims (like Atlas's claim against Plaintiff) to include the following information: (1) the name of the entity from whom the creditor purchased the account; (2) the name of the entity to whom the debt was owed at the time of the account holder's last transaction on the account; (3) the date of the account holder's last transaction; (4) the date of the last payment on the account; and (6) the date on which the account was charged off to profit and loss. Fed. R. Bankr. P. 3001(c)(3)(A). The requirement that proofs of claim on these accounts contain specific information regarding the date of the last transaction on the account, the date of the last payment on the account, and the date on which the account was charged off assists the debtor and/or trustee in determining whether the claim is timely and whether the statute of limitations defense is applicable. Atlas' proofs of claim clearly and accurately set forth all of the information required by Bankruptcy Rule 3001 and therefore cannot be considered an unfair or unconscionable means to collect or attempt to collect a debt.

Appellants try to analogize the filing of a proof of claim with respect to a time-barred debt to the filing of a collection lawsuit and cite *Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480 (M.D. Ala. 1987). However, the facts involved in the *Kimber* case and the rationale behind the decision are distinguishable to the facts involved in the instant case. *Kimber* deals with a civil collection lawsuit that was initiated to collect upon a time-barred debt—it does not involve the filing of a proof of claim in the context of a bankruptcy proceeding. And the distinction is important.

In *Kimber,* the court held that the initiation of a state court suit to collect a time-barred debt is a violation of the FDCPA because it is misleading to unsophisticated consumers because "few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, [and that therefore] such consumers would unwittingly acquiesce to such lawsuits." *Id.* at 1487. The *Kimber* court went on to explain that "even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense." *Id.*

Appellants argue that the rationale set forth in *Kimber* applies with equal force in the context of a bankruptcy. However, the concerns articulated by the

*Kimber* court are not present in the context of a bankruptcy case. This is because as opposed to being forced to defend a lawsuit initiated by a creditor, a debtor in bankruptcy such as Appellants subjects him or herself to the judicial process by filing a chapter 13 petition. Further, once a chapter 13 petition is filed, a chapter 13 trustee is appointed who is statutorily obligated to object to any proofs of claim that may be asserted with respect to any unenforceable claims. Moreover, Plaintiff, like most chapter 13 debtors, is and has been at all times during her chapter 13 proceeding represented by counsel who can explain to her the impact of a proof of claim that may be filed with respect to a time-barred debt and the existence of an objection to such proof of claim. *See Elliott v. Calvary Investments, LLC, et al.,* Case No. 14-cv-01066 (S.D. Ind. Jan. 9, 2015); *Torres v. Cavalry SPV, I, LLC*, 530 B.R. 268 (E.D. Pa. 2015); and *Matter of LaGrone*, 525 B.R. 419-423 (Bankr. N.D. Ill. 2015). In addition, the Bankruptcy Code permits the filing of proofs of claim with respect to time-barred debts and provides a method by which to object to them. Thus, unlike a consumer who may be forced into litigation by the filing of a lawsuit to collect upon a debt that is time-barred by the applicable statute of limitations, Appellants initiated the judicial proceedings in this case by filing a petition for protection of the Bankruptcy Code. As such, Appellants have the benefit of extra layers of protection in the chapter 13 trustee and their bankruptcy attorney—both of whom presumably are armed with the

33

knowledge of the impact of a time-barred proof of claim and the remedies available under the Bankruptcy Code for such filing.  Therefore, the filing of proofs of claim should not be analogized to the initiation of a civil lawsuit as the considerations are very different.

> ### E. Even Assuming *Arguendo* that the Filing of a Proof of Claim with Respect to a Debt Subject to the Affirmative Defense of an Expired Limitations Period Could Violate the FDCPA, the Application of the FDCPA is Precluded by the Bankruptcy Code with Respect to the Claims Filing Process.

And as the Supreme Court has held, the general rule is that when a statute specifically permits what an earlier statute prohibits, the earlier statute is implicitly repealed. *Nat'l Ass'n of Home Builders v. Defenders of Wildlfe,* 551 U.S. 644, 662 (2007).  Even assuming *arguendo* that a proof of claim constitutes collection activity within the meaning of the FDCPA and that the filing of a proof of claim could violate the FDCPA, the FDCPA still does not apply to the filing of a proof of claim because it is precluded by the Bankruptcy Code with respect to the bankruptcy claims filing process.   The FDCPA and the Bankruptcy Code cannot coexist with respect to the claims filing process because what Appellants allege is prohibited by the FDCPA (the filing of a proof of claim with respect to a "stale" debt) is expressly permitted by the Bankruptcy Code. And where there is a direct conflict between the FDCPA and the Bankruptcy Code, the FDCPA must give way

to the Bankruptcy Code. *Randolf v. IMBS, Inc.,* 368 F.3d 726 (7th Cir. 2004); accord, *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir. 2013).

A direct conflict exists between the two statutes if a creditor cannot comply simultaneously with both the Bankruptcy Code and Bankruptcy Rules and the FDCPA. *Randolph*, 368 F.3d at 730; *Simon,* 732 F.3d at 274. As explained in subsection B, *infra,* the Bankruptcy Code expressly permits a creditor to file a proof of claim with respect to a debt that may be barred by the applicable state statute of limitations. Therefore, if (as Appellants allege) the FDCPA applies to the filing of proofs of claim with respect to "stale" debt, then Atlas cannot comply simultaneously with both the Bankruptcy Code and Bankruptcy Rules. Thus, there is direct conflict between the FDCPA and the Bankruptcy Code in this context and the FDCPA must give way to the Bankruptcy Code.

### 1. If the FDCPA (as construed by Appellants) precludes the filing of a proof of claim with respect to a time-barred debt, then Atlas cannot comply with both statutes simultaneously and an irreconcilable conflict exists.

"As long as state law preserves the right to payment after the limitations period expires, the [Bankruptcy] Code authorizes filing a proof of claim on a debt known to be stale, while the [Fair Debt Collection Practices] Act (as construed by *Appellants)* prohibits that precise practice." *Johnson v. Midland Funding, LLC,* 528 B.R. 462 (S.D. Ala. 2015). As explained in subsection B, *infra,* in Maryland the statute of limitations does not extinguish the debt, it only bars the remedy.

Thus, a purported FDCPA claim based solely on Atlas' proof of claim related to a time-barred debt irreconcilably conflicts with Atlas' right to payment of its time-barred debt[s] and a consequent *entitlement* to file a proof of claim as to [such] debt[s]." *Id.  See also, Williams v. Asset Acceptance, LLC (In re Williams)*, 392 BR. 992 (Bankr. M.D. Fla. 2008) (holding that a debtor's FDCPA claims based on the filing of a proof of claim with respect to a time-barred debt were precluded by the Bankruptcy Code because allowing suits asserting FDCPA claims based upon the filing of proofs of claim would undermine the efficacy and efficiency of the claims filing and resolution process.); and *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S. Ct. 2431 (1974) (stating that nothing in either act persuades us that Congress intended to allow debtors to bypass the [Bankruptcy] Code's remedial scheme when it enacted the FDCPA); *In re Pariseau*, 395 B.R. 492 (Bankr. M.D. Fla. 2008) ("the Court does not find the case law submitted by Plaintiffs to be persuasive, especially in light of the numerous decisions which hold that FDCPA claims that arise from the filing of a proof of claim during the pendency of a bankruptcy proceeding are precluded by the available remedies Congress enumerated in Title 11 of the United States Code.").  At least "as to creditors under the Code that are also debt collectors under the FDCPA, those contradictory provisions cannot possibly be given effect simultaneously, the provisions are positively repugnant and cannot mutually coexist. They are thus in irreconcilable

conflict.  And because there is irreconcilable conflict, the Act must give way to the Code." *Johnson,* 528 B.R. 462.

As explained above, the Bankruptcy Code governs the entire claims process. It provides remedies in the event an invalid claim is filed, such as the right to object to and the disallowance of claims.  11 U.S.C. §502(b).  And, to the extent proofs of claim contain false or fraudulent representations (which Appellants do not allege) or were filed for improper purposes, the Bankruptcy Code and Bankruptcy Rules provide remedies, including sanctions. *See, e.g.,* Fed. R. Bankr. P. 3001, 9011; 11 U.S.C. § 105.   Because the Bankruptcy Code governs the entire bankruptcy claims process and the FDCPA (as construed by Appellants) conflicts with the Bankruptcy Code, the FDCPA is precluded with respect to the bankruptcy claims filing process.

As every federal court of appeals to address the issue has recognized, there are circumstances where, as here, the Bankruptcy Code trumps the FDCPA.  *See Simon*, 732 F.3d 259 (3d. Cir. 2013); *Simmons v. Roundup Funding, LLC,* 662 F.3d 93 (2d. Cir. 2010); *Randolph,* 368 F.3d 726) (7th Cir. 2004); *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002).   For example, in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), the Ninth Circuit explained, where the Bankruptcy Code "provides its own remedy," "[t]o permit a simultaneous claim under the FDCPA would allow through the back door what [a debtor] cannot

accomplish through the front door." 276 F.3d at 510.     Such an interpretation "would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors." *Id.* Similarly, in *Simmons,* the Second Circuit observed, with respect to a plaintiff's attempt to bring an FDCPA claim on the basis of a proof of claim:

> Nothing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in bankruptcy proceedings.

*Simmons*, 622 F.3d at 96.  Accordingly, the law does not allow Plaintiffs to bypass the Bankruptcy Code and use the FDCPA to assert a potentially more lucrative claim. By filing their adversary proceedings, Appellants have attempted to do just that—bypass the comprehensive bankruptcy scheme enacted by the Bankruptcy Code in favor of potentially more lucrative claims under the FDCPA.

Appellants argue that because the Bankruptcy Code has been amended more than ten times since 1978 without including a provision barring an FDCPA suit that such fact is powerful evidence that Congress did not intend the Bankruptcy Code to be the exclusive remedy with respect to unenforceable proofs of claim. However, such argument cuts both ways.  The Bankruptcy Code has been amended numerous times over the last forty years, but Congress did not include a provision excepting from the right to file a proof of any claim, the right to file a claim with

respect to debts subject to the affirmative defense of an expired limitations period. On the contrary, the amendments to the Bankruptcy Rules, effective December 1, 2012, amended Rule 3001 to require proofs of claim to disclose, among other things, dates of debtors' last payments and transactions precisely so bankruptcy counsel and trustees can identify claims subject to limitations defenses. *See* Bankruptcy Rule 3001(c) advisory committee's notes to 2011 Amendment - II (stating that these required disclosures are designed to "provide a basis for assessing the timeliness of the claim."). Recognizing that proofs of claim may be subject to limitations defenses, this Rule therefore effectively codifies the pre-existing principle that proofs of claim subject to limitations defenses may be filed—perhaps to be objected to pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, but permitted nonetheless.

Appellants also assert that no conflict exists between the FDCPA and the Bankruptcy Code because Atlas can comply with both statutes by not participating in the claims allowance process. However, this argument fails as it misunderstands the analysis that the case law discussing preclusion dictates. The case law asks one to determine whether the FDCPA claim "contradict(s) any portion of the Bankruptcy Code. . ." not whether a conflict between the Code and the FDCPA can be avoided by not filing a claim and participating in the bankruptcy process when a valid claim exists.

2. **Holding that a proof of claim on a stale debt is actionable under the FDCPA conflicts with the Bankruptcy Code's purpose of a fresh start for debtors.**

While under § 502 of the Bankruptcy Code claims may be disallowed if they represent debts subject to the bar of an expired limitations period, as explained above, they are still claims within the meaning of the Bankruptcy Code. There is good reason why the Bankruptcy Code casts such a broad net over what constitutes a "claim," including claims on "time-barred" debt.

Appellants complain that they did not schedule the debts identified in Atlas' proofs of claim and as such, Atlas had no right to participate in their chapter 13 proceedings by filing its proofs of claim. However, in a chapter 13 case, a claim which is not scheduled or listed by the debtor and for which no proof of claim is filed is not discharged. 11 U.S.C. § 1328(a). Thus, but for Atlas' filing of its proofs of claim, those debts would not be subject to discharge and at the conclusion of Appellants' chapter 13 cases, Atlas could restart collection activity with respect thereto so long as it does not otherwise violate the FDCPA. The bankruptcy claims process though is designed to discharge applicable debts and give debtors a fresh start. Prohibiting claims like Atlas' from inclusion in a chapter 13 case subjects debtors to post-discharge collection activity and the potential revival of the limitations period. This is completely contradictory to the

40

Bankruptcy Code's objective to give debtors a fresh start and therefore, the Court should decline to give force to such a conflict.

For the reasons explained above, it is clear that an irreconcilable conflict exists between the FDCPA as Appellants would construe it and the Bankruptcy Code. The plain language, legislative history, structure, and purpose of the Code all lead to the conclusion that creditors with out-of-statute claims "are no less creditors under the Code." *In re Charter Co.*, 876 F.2d at 871. And as a creditor under the Code, Atlas' right to payment of Appellants' debts (and the right to file its proofs of claim) was not extinguished by the expiration of the statute of limitations. Thus, the FDCPA (as construed by Appellants) irreconcilably conflicts with the Bankruptcy Code and is precluded.

### F.   The Bankruptcy Process Contains Adequate Safeguards to Protect Debtors From Proof of Claim Filed with Respect to Out-of-Statute Debts.

Appellants argue that the FDCPA and/or the MCDCA should be employed to protect chapter 13 debtors from proofs of claim filed with respect to allegedly time-barred debt because the bankruptcy process does not offer sufficient protection from stale proofs of claim. Appellants argue that this is because debtors or trustees rarely object to proof of claim in chapter 13 cases. However, if this allegation is true, then such trustees are violating their statutory duties. Section 1302(a) of the Bankruptcy Code provides that "once a debtor seeks protection

41

under chapter 13 of the Bankruptcy Code, a trustee is appointed." 11 U.S.C. §1302(a). Among other things, the "trustee *shall* . . . if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5) (emphasis added). The fact that trustees rarely object to proof of claim in chapter 13 cases, does not mean that the bankruptcy process does not offer sufficient protection from stale proofs of claim; it means only that trustees are not performing the duties that they were appointed to perform adequately.

Appellants also argue that debtors are ill-equipped to navigate the objection process. As explained above though, most debtors are represented by counsel who presumably is properly equipped with the necessary knowledge regarding the claim objection process. Thus, debtors have two layers of protection—i.e., their attorneys and court-appointed trustees. Further, the amount of a debtor's disposable income determines the amount that the debtor must pay into his or her plan—it is not determined by the dollar amount of the claims that are filed against the debtor. *See* 11 U.S.C. § 1329. Thus, the filing of a stale claim against a debtor's bankruptcy estate does not cause any damage to the debtor (unless the plan proposes to pay unsecured creditors 100% of their claims, which is rarely the case and certainly was not the case in the Appellants chapter 13 plans).

42

### G.   The Filing of a Proof of Claim is Not Debt Collection Regulated by the MCDCA.

For the reasons that the FDCPA does not apply to the filing of a proof of claim with respect to a debt that is subject to the affirmative defense of an expired statute of limitation, the MCDCA likewise does not apply to such conduct.  As the District of Maryland held in *Covert*, 2013 U.S. Dist. LEXIS 175651 (D. MD 2013),  proofs of claim cannot be basis for violations of the MCDCA because the filing of a proof of claim is not considered debt collection activity within the meaning of the MCDCA.  Accordingly, this Court should adopt *Covert* and affirm the bankruptcy court's dismissal of Appellants' MCDCA claims.

### H.   Even assuming arguendo that the MCDCA could apply to the filing of a proof of claim that is subject to an expired Maryland statute of limitations, the application of the MCDCA to such conduct is preempted by the Bankruptcy Code.

Appellants' MCDCA claim is preempted by the Bankruptcy Code.  "[I]n the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *English v. General Electric Co.,* 496 U.S. 72, 79 (1990).  State law is also pre-empted "to the extent it actually conflicts with federal law." *Id.*  In fact, "federal bankruptcy law preempts state law; as one of Congress' enumerated powers, the power to enact bankruptcy laws is limited only by the substantive guarantees contained in the Constitution." *In re Goerg*, 844 F.2d 1562, 1565 (11th

43

Cir. 1988). As explained above, the Bankruptcy Code covers the entire subject of bankruptcy proceedings, generally, and the claims process, specifically. Thus, the MCDCA is preempted with respect to the claims filing process and this Court should affirm the bankruptcy court's dismissal of Appellants' MCDCA claims.

## V.    CONCLUSION

For all of the foregoing reasons, this Court should affirm the bankruptcy court's decision and Appellants' Complaints should not be permitted to proceed.

Respectfully submitted,

*/s/ Alan C. Hochheiser*
Alan C. Hochheiser
Buckley King LPA
600 Superior Ave., Suite 1400
Cleveland, OH 44114
Telephone: (216) 363-1400
Email: hochheiser@buckleyking.com

and

*/s/ Donald Maurice*
Donald Maurice
Maurice Wutscher, LLP
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
Telephone: (908) 237-4550
Email: dmaurice@mauricewutscher.com

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   The word count of this brief is <u>11,415</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point font.

Date: November 23, 2015

<u>*/s/ Alan C. Hochheiser*</u>
Alan C. Hochheiser
Attorney for Atlas Acquisitions, LLC,
Appellee

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 23, 2015, the foregoing Brief of Appellee was served on counsel of record for Appellants through the CM/ECF system at the addresses listed below:

Courtney L. Weiner
Morgan W. Fischer
Law Offices of Morgan Fisher LLC
700 12th Street, Suite 700
Washington, DC 20005
Email:  Courtneyweineresq@gmail.com
            mwf@morganfisherlaw.com


<u>/s/ Alan C. Hochheiser</u>
Alan C. Hochheiser