

1629 K Street, NW, Suite 300
Washington, DC 20006
cw@courtneyweinerlaw.com
P (202) 827-9980
F (202) 379-9749
www.courtneyweinerlaw.com

VIA THE APPELLATE CM/ECF SYSTEM

July 12, 2016

Hon. Patricia S. Connor
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 2319-3517

    Re:    *Dubois et al. v. Atlas Acquisitions LLC.*, No. 15-1945 (4th Cir.)
             **(Argued May 10, 2016)**

Dear Ms. Connor,

Pursuant to FRAP 28(j), Plaintiffs-Appellants respectfully respond to Defendant-Appellee's letter regarding *Nelson v. Midland Credit Mgmt., Inc.*, No. 15-2984 (8th Cir.). *Nelson*'s scant analysis is unpersuasive and should be rejected. The filing of knowingly time-barred proofs of claim represents an affront to the bankruptcy system and those designated to protect it. *Nelson* insists that the law allows with one hand the specific activity it prevents with the other, ignoring Defendant's manipulation of the bankruptcy system. Like Defendant, *Nelson* never identified any legitimate purpose in filing knowingly frivolous claims. It did not identify a single scenario where a defendant's claims succeed absent system malfunction, or explain why Defendant's deliberate abuse of the claims process is fair or appropriate under the FDCPA. It did not explain why the FDCPA (or the Code) tolerates meritless claims subject to a clear, ironclad defense, notwithstanding the good-faith basis requirement. And it did not say why knowingly baseless claims are "accurate and complete" despite (i) asserting a "right to payment" that does not exist; or (ii) invoking the Code's presumption of "validity" for invalid claims.

*Nelson* declared that debtors have substantial "protections" in bankruptcy, but if those protections actually worked, Defendant's claims would be rejected 100% of the time. *Nelson* did not address the obvious pattern of system failure, or explain why Defendant continues to flood bankruptcy proceedings with baseless filings if those "protections" functioned as Congress intended. In the



1629 K Street, NW, Suite 300
Washington, DC 20006
cw@courtneyweinerlaw.com
P (202) 827-9980
F (202) 379-9749
www.courtneyweinerlaw.com

meantime, Defendant's out-of-statute proofs of claim slip through unimpeded, to the detriment of debtors, legitimate creditors, and busy courts. Defendant's business model is designed to exploit predictable failures in the process; the model would collapse if bankruptcy's "protections" were sufficient. *Nelson* has no response to this obvious reality.[1]

        Sincerely,

        Courtney L. Weiner

cc: All lead counsel of record (via the Court's CM/ECF system)

---

[1] To the extent *Nelson* followed *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010), it is incompatible with this Court's precedent, as the Second Circuit itself acknowledged. *Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 91-92 (2d Cir. 2016) (adopting *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), despite its logic "leading" to "a result that differs from our *Simmons* decision").