

1629 K Street, NW, Suite 300
Washington, DC 20006
cw@courtneyweinerlaw.com
P (202) 827-9980
F (202) 379-9749
www.courtneyweinerlaw.com

VIA THE APPELLATE CM/ECF SYSTEM

August 15, 2016

Hon. Patricia S. Connor
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 2319-3517

    Re:    *Dubois et al. v. Atlas Acquisitions LLC.*, No. 15-1945 (4th Cir.)
              **(Argued May 10, 2016)**

Dear Ms. Connor,

Pursuant to FRAP 28(j), Plaintiffs-Appellants respectfully respond to Defendant-Appellee's letter regarding *Owens v. LVNV Funding, LLC.*, Nos. 15-2044, 15-2082, 15-2109 (7th Cir.). *Owens*' analysis rejects its own circuit's precedent in *Phillips* and *McMahon* and fails to meaningfully account for the salient arguments of Judge Wood's dissent. The ruling should be rejected here.

The majority insists that stale debt falls within the Bankruptcy Code's definition of claim, based on an erroneous reading of the terms "contingent" and "unmatured." Judge Wood, however, warned against "distort[ing] the meaning of the word 'contingent' to include the possibility of the debt collector's successfully tricking the debtor into paying." She further noted that stale debt, would be "[i]f anything . . . overripe," not "unmatured." Even if the Code's definition is illustrative, as Judge Wood commented, "[s]ome things are simply too speculative, or too much against public policy, to include."

Indeed, the majority virtually ignores the implications of F.R.B.P. 9011 for proofs of claim on stale debt. As Judge Wood observed, "Where an old debt is subject to an ironclad statute of limitations defense, such that any suit on that debt would amount to a violation of . . . Bankruptcy Rule 9011, the debt should not be eligible to be submitted in a proof of claim." Moreover, rejecting the notion of "debt destruction," Judge Wood said, "The statute of limitations itself is full protection against a lawsuit on a stale claim; it does not need to be supplemented by a bankruptcy discharge."

The majority contends that only *pro se* debtors who were actually misled might have access to FDCPA suits. This illogical argument means that only those who do not catch the wrongful filings could sue on them. This "protection" is not only meaningless in practice but also barred in



1629 K Street, NW, Suite 300
Washington, DC 20006
cw@courtneyweinerlaw.com
P (202) 827-9980
F (202) 379-9749
www.courtneyweinerlaw.com

this Circuit by the application of *res judicata* in *Covert*. The majority disregards the critical notion that "the protections the majority believes exist in the bankruptcy courts are only as good as the human actors working in those courts," and that debt buyers like Atlas seek to exploit those human weaknesses.

Sincerely,

Courtney L. Weiner

cc: All lead counsel of record (via the Court's CM/ECF system)